UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALFRED FLEMING                                CIVIL ACTION

VERSUS                                        NUMBER: 10-2066

TERRY HINES                                   SECTION: "I"(6)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(A), presently before the court is the 28 U.S.C. § 2254 application for federal habeas corpus relief of petitioner, Alfred Fleming. Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that petitioner's habeas application be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY[1]

Petitioner, Alfred Fleming, is a state prisoner who is presently incarcerated at the Pine Prairie Correctional Center, Pine Prairie, Louisiana. On January 28, 2003, petitioner was

---

[1] A portion of the procedural history is taken from the Louisiana Fifth Circuit's opinion, *State v. Fleming*, 902 So.2d 451 (La. App. 5 Cir. 2005).

found guilty following trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on the charge of possession of cocaine.[2]  On March 20, 2003, the trial court found petitioner to be a fourth felony offender and sentenced him to 20 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.  On appeal, petitioner only challenged his adjudication and sentence as a fourth felony offender.  On April 26, 2005, the Louisiana Fifth Circuit Court of Appeal issued its decision amending petitioner's 20-year sentence to allow for the possibility of parole and affirming petitioner's adjudication as a fourth felony offender and his 20-year sentence as amended. *State v. Fleming*, 902 So.2d 451 (La. App. 5 Cir. 2005).[3]  On February 10, 2006, the Louisiana Supreme Court denied petitioner's writ application, *State v. Fleming*, 924 So.2d 161 (La. 2006), and denied his application for reconsideration on September 1, 2006.  *State v. Fleming*, 936 So.2d 192 (La. 2006).  Petitioner's conviction became final 90 days later, on  November 30, 2006, when the delays for seeking a writ of certiorari from the United States Supreme Court expired and no application therefor was made.  *See* U.S. Sup.Ct. R. 13(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000)

---

[2]A copy of the Jury Verdict is contained in the State rec., vol. 1 of 4.

[3]The state appellate court also remanded the matter to the district court "for the limited purpose of properly informing [petitioner] of the time period for seeking post-conviction relief." *Fleming*, 902 So.2d at 461.

(citing 28 U.S.C. §2244(d)(1)(A)).

Thereafter, on March 31, 2008, over a year after his conviction had become final, petitioner signed and dated a post-conviction application which was later filed with the state district court.[4] Petitioner's effort to obtain state post-conviction relief culminated when the Louisiana Supreme Court, on May 7, 2010, denied his application for supervisory and/or remedial writs as untimely pursuant to La.C.Cr.P. art. 930.8. *State ex rel. Fleming v. State*, 34 So.3d 855 (La. 2010). On July 19, 2010, petitioner signed and dated his federal habeas corpus petition.

## **ANALYSIS**

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like petitioner have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the court *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, petitioner's conviction became final

---

[4] A copy of petitioner's post-conviction writ application is contained in the State rec., vol. 2 of 4.

on November 30, 2006, when he failed to seek certiorari from the U.S. Supreme Court following the denial of his writ application by the Louisiana Supreme Court. At that point, the one-year limitation period set forth in § 2244(d) began to run and had expired by the time that petitioner signed his state post-conviction application on March 31, 2008. That being the case, and because no facts are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), it will be recommended that petitioner's petition be dismissed with prejudice as untimely.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Alfred Fleming be dismissed with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[5]

New Orleans, Louisiana, this __2nd__ day of __February__, 2011.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.